IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CV-777-FL

| | |
|---|---|
| GOLGMAN SACHS TRUST COMPANY, N.A., as Executor of the Estate of RALPH L. FALLS, JR., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| RALPH L. FALLS, III, | ) ) |
| Defendant. | ) ) |

ORDER

This matter is before the court on plaintiff's oral motion for reconsideration in part of the court's previous ruling on defendant's motion in limine (DE 66) to exclude designated deposition testimony. Upon careful consideration of the motion and the record in this case, the instant motion is denied.

**BACKGROUND**

In the parties' proposed pretrial order, filed March 7, 2018, in pertinent part, plaintiff designates pages 11:10 to 26:12 of the deposition of defendant, and defendant objects to a portion thereof, from 23:13 to 26:12, on the basis that it contains "Attorney colloquy." (Proposed Pretrial Order (DE 105) at 14-15).[1] Defendant previously moved to exclude the same deposition excerpts on the basis that they include "discussions between counsel of record," (Def's Mem. (DE 67) at 3), which motion was fully briefed in advance of prior pretrial conference in this matter on January 3,

---

[1] The objection is renewed in notice filed March 16, 2018, along with discussion of plaintiff's position thereon.

2017. There, the court decided that motion as follows:

> Now I've gotten to the motion -- defendant's motion to exclude designated deposition testimony. I'm denying defendant's motion to exclude the son's deposition testimony subject to a few limitations as it relates to the involvement of the local attorney. So we have this lawyer who says some convoluted things. One of them is:
>
>> "[T]here's an admission in this case that the debt exists and that the argument is that there's a setoff . . . . but at this point the question -- there is a legal acknowledgment of a debt, and Lynn can correct me if I'm wrong."
>
> These statements are not so deliberate, clear and unambiguous as to constitute a binding judicial admission, they're pretty vague, the ones that I've read. It's only deliberate, clear and unambiguous statements that may be considered judicial admissions. So statements by counsel in the son's affidavit [sic], without more, are not admissible as evidence and they're not admissible as judicial admissions and I'm excluding them, but statements made by the son are admissible evidentiary statements which may be subject to further explanation by him or through other evidence. So in large part, Mr. Falls, III's motion to exclude his deposition testimony is denied. In that small part concerning Mr. Wrobel it is allowed.

In its order entered January 5, 2017, memorializing the rulings made at pretrial conference, the court summarized its decision as follows:

> [T]he court GRANTED IN PART and DENIED IN PART defendant's motion to exclude deposition testimony (DE 66), excluding only statements made by counsel for plaintiff Ralph L. Falls, III, regarding admissions [sic] legal principles raised by the facts in the case. Among other statements by counsel, the court held that the statement and response from page 58, line 22, to page 59, line 8, was inadmissible.

Plaintiff seeks reconsideration of the court's order at prior pretrial conference granting defendant's motion in limine in part, particularly arguing that the following statements therein constitute judicial admissions:

> MR. WROBEL: . . . . I think there's an admission in this case that the debt exists and the argument was that there's a setoff. . . . [T]here is a legal acknowledgment of the debt, and Lynn can correct me if I'm wrong.

(Ralph Falls, III, deposition (DE 67-1) at 25:16 - 26:3; see Transcript of Pretrial Conference (DE

2

113) at 45; Pl's Mem. in Opp. (DE 71) at 5). Plaintiff notes that the court's order memorializing rulings entered January 5, 2017, did not reference specifically this deposition testimony.

**COURT'S DISCUSSION**

A.   Motion for Reconsideration

As a general rule, a "counsel's statements [are] not evidence in the case and [are] to be disregarded" by the jury. Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1358 (4th Cir. 1995); see Dennis v. Gen. Elec. Corp., 762 F.2d 365, 368 (4th Cir. 1985). Nevertheless, "a lawyer's statements may constitute a binding admission of a party" if the statements are "deliberate, clear, and unambiguous." Fraternal Order of Police Lodge No. 89 v. Prince George's Cty., MD, 608 F.3d 183, 190 (4th Cir. 2010); see Meyer v. Berkshire Life Ins. Co., 372 F.3d 261, 264-65 & n.2 (4th Cir. 2004).

Here, pages 23:13 to 26:12 of defendant's deposition, included within designation by plaintiff and subject of defendant's present objection, are not admissible because they comprise commentary by counsel on the propriety of certain questions posed to the deponent.[2] See Martin, 48 F.3d at 1358. In so holding, the court rejects plaintiff's argument, now renewed, that the following statements by Mr. Wrobel therein constitute judicial admissions:

> MR. WROBEL: . . . . I think there's an admission in this case that the debt exists and the argument was that there's a setoff. . . . [T]here is a legal acknowledgment of the debt, and Lynn can correct me if I'm wrong.

(Ralph Falls, III, deposition (DE 67-1) at 25:16 - 26:3; see Transcript of Pretrial Conference (DE 113) at 45; Pl's Mem. in Opp. (DE 71) at 5). Hereinafter, for ease of reference, the court will refer

---

[2] Deponent also makes a comment to his counsel in the midst of the colloquy about a question posed, noting "But it's a conversation I'm divulging with my father," which independently is not admissible. (Ralph Falls, III, deposition (DE 67-1) at 24:6 - 24:8).

3

to these identified statements by Mr. Wrobel as "the statements by Mr. Wrobel."

The statements by Mr. Wrobel are not clear and unambiguous judicial admissions, under the circumstances of this case, because it is not clear by the statements or their context what Mr. Wrobel means by references to "the debt" and "the debt exists." (Ralph Falls, III, deposition (DE 67-1) at 25:16 - 26:3). Among other things, it is not clear whether "the debt" that "exists," in present tense, is the same as what defendant and Ralph Falls, Jr., allegedly agreed to in July 2013 (see, e.g., Compl. ¶¶ 11-13), or whether "the debt" that "exists" is a debt of some other nature.

The context of the statements by Mr. Wrobel further contributes to their ambiguity and lack of clarity. The discussion of counsel spanning 23:13 to 26:12 of defendant's deposition is prompted by the following question to deponent: "Did you have an agreement that you would provide a promissory note in favor of your father in the amount of $200,000? Just yes or no." (Ralph Falls, III, deposition (DE 67-1) at 23:10 - 23:12) (emphasis added). The statements by Mr. Wrobel, by contrast, do not reference that specific question, but rather reference "the debt" that "exists," in present tense. (Ralph Falls, III, deposition (DE 67-1) at 25:16 - 26:3).

There is a similar disconnect between the statements by Mr. Wrobel and the testimony of deponent before and after the attorney discussion spanning 23:13 to 26:12 of the deposition. For example, deponent testified as follows:

| | |
|---|---|
| Q | . . . . Did [your father] make a loan to you? |
| A | Yes. |
| Q | Did your father loan you $200,000 to assist you in the purchase and improvement of a home in Summit, New Jersey? |
| A | Yes. |

(Ralph Falls, III, deposition (DE 67-1) at 11:23 to 12:5) (emphasis added).

| | |
|---|---|
| Q | Did you agree to provide a promissory note? |
| A | Yes. |

| | | |
|---|---|---|
| Q | <u>Did you agree</u> to place a second mortgage on your home? | |
| A | I believe it was a promissory note/second mortgage, yes. I believe that's correct. | |

(Ralph Falls, III, deposition (DE 67-1) at 28:6 to 28:12) (emphasis added). In sum, there is not a clear relationship between the statements by Mr. Wrobel, the testimony of deponent, and the questions discussed in the attorney colloquy.

Plaintiff suggests in moving for reconsideration that "the purpose for which [the statements by Mr. Wrobel were] made was for [counsel] to move on," effectively foreclosing other lines of questioning. (Tr. (DE 113) at 47). The purpose for the statements by Mr. Wrobel, however, is not so clear. In the attorney colloquy that precedes the statements by Mr. Wrobel, the attorneys express concern about avoiding questioning regarding "conversations" between defendant and Ralph Falls, Jr., but the attorneys do not discuss other lines of questioning. (See Ralph Falls, III, deposition (DE 67-1) 23:13 to 26:12). While the court can speculate on what Mr. Wrobel meant or intended by his statements, it is not the role of the court to so speculate in determining whether they constitute "deliberate, clear, and unambiguous" judicial admissions. Meyer, 372 F.3d at 265 n.2. It suffices that the statements by Mr. Wrobel are not deliberate, clear, and unambiguous judicial admissions under the circumstances of this case.

Plaintiff also suggests that it is odd and illogical for defendant now to contend that the transfer of $200,000.00 from Ralph Falls, Jr. to defendant was a gift or converted to a gift, where "there was never any statement by [defendant in his deposition] that it was a gift or converted to a gift." (Tr. (DE 113) at 46). Plaintiff may seek to make this point through cross-examination or argument. It does not serve, however, to transform an ambiguous and unclear statement by counsel into a binding judicial admission.

In sum, designated pages 23:13 to 26:12 of the deposition of defendant are not admissible because they comprise counsel's statements, and they do not include judicial admissions. Therefore, plaintiff's motion for reconsideration is denied, and the court reiterates its ruling made orally at prior pretrial conference on January 3, 2017, consistent herewith.

B.  Correction to Prior Order

Furthermore, the court corrects and clarifies for instant purposes its prior written order entered January 5, 2017, memorializing rulings made at final pretrial conference to conform to the instant ruling.  In particular, the court stated in its January 5, 2017, order that the court was "excluding only statements made by counsel for plaintiff Ralph L. Falls, III, <u>regarding admissions [sic] legal principles raised by the facts in the case</u>," and that "[a]mong other statements by counsel, the court held that the statement and response from <u>page 58, line 22, to page 59, line 8</u>, was inadmissible."  (DE 77 at 3) (emphasis added).

As an initial matter, the court unnecessarily and unclearly characterized statements of counsel as being "regarding admissions [sic] legal principles raised by the facts in the case." (DE 77 at 3).  Consistent with the court's ruling at prior pretrial conference and in this order, the court excludes those portions of the deposition that constitute attorney statements and discussion as opposed to statements by the deponent in response to deposition questions. In this instance, as noted above, the designated pages 23:13 to 26:12 of the deposition properly are excluded on this basis.

In addition, with respect to the issue of judicial admissions, due to an inadvertent scrivener's error, the court's citation to "page 58, line 22, to page 59, line 8" as being inadmissible was incomplete, and should have included, in addition, citation to page 25, line 16, to page 26, line 3. Citation to deposition pages 58 and 59 concerned an additional statement of counsel that was

identified in prior proposed pretrial order, to which defendant objected on a similar basis. (Def's Mem. (DE 67) at 3). Plaintiff does not now designate pages 58 to 59 of defendant's deposition, and those portions no longer are before the court for consideration.

## CONCLUSION

Based on the foregoing, plaintiff's oral motion for reconsideration is DENIED. The court reiterates its ruling made orally at prior pretrial conference on January 3, 2017, and the court corrects and clarifies its order entered January 5, 2017, in accordance with the determinations herein.

SO ORDERED, this the 20th day of March, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge