IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

5:14-CV-777-FL

| | |
|---|---|
| GOLDMAN SACHS TRUST COMPANY, N.A., as Executor of the Estate of RALPH L. FALLS, JR., <br><br> Plaintiff, <br><br> v. <br><br> RALPH L. FALLS, III, <br><br> Defendant. | **ORDER ON BILL OF COSTS** |

This matter is before the clerk on the motion for bill of costs [DE-159] filed by plaintiff Goldman Sachs Trust Company, N.A., as Executor of the Estate of Ralph L. Falls, Jr. Defendant failed to file any objections or a motion for disallowance of costs, and the time for doing so has expired. See Local Civil Rule 54.1(b)(1). The matter is therefore ripe for determination. For the reasons set forth below, the motion for bill of costs is allowed in part.

## BACKGROUND

On March 29, 2018, the court entered judgment in favor of plaintiff [DE-154]. On April 12, 2018, plaintiff timely filed a motion for bill of costs [DE-159].

## DISCUSSION

Plaintiff seeks costs under Rule 54(d)(1) as the prevailing parties in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Federal courts may assess only those costs listed in 28 U.S.C. § 1920. See Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-

42 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988. Local Civil Rule 54.1 "further refines the scope of recoverable costs." Earp v. Novartis Pharmaceuticals Corp., No. 5:11-CV-680-D, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014). In this case, plaintiff seeks recovery of $3,435.74 in costs from defendant.

First, plaintiff seeks reimbursement in the amount of $400.00 for the filing fee. Title 28, United States Code Section 1920(1) provides that fees of the clerk may be taxed, and accordingly this request is granted.

Second, plaintiff seeks costs in the amount of $105.75 for fees of service of summons and subpoena. See, Pl's Mem. in Supp. and Attachs. 1-8 [D.E. 160]. Again, 28 U.S.C. § 1920(1) provides that fees of the clerk may be taxed, and accordingly this request is granted.

Third, plaintiff seeks costs for the transcripts of the deposition of defendant Ralph L. Falls, and of the January 3, 2017, and March 9, 2018, pretrial conferences in the amount of $2,039.89. Pl's Mem. in Supp. of Bill of Costs and Attchs. 7 [D.E. 160]. Under 28 U.S.C. § 1920(2), fees of the court reporter for all or any part of the transcripts necessarily obtained for use in the case may be taxed against the losing party. While the undersigned finds that the depositions were necessarily obtained for use in the case, the invoices submitted by plaintiff in support of the request for costs include $24.96 for exhibits and $45.00 for shipping and handling charges. The court has construed 28 U.S.C. § 1920(2) and Local Civil Rule 54.1 as not encompassing either exhibits of, or shipping and handling of, transcripts, and they are disallowed. See Dutton v. Wal-Mart Stores East, L.P., No. 4:11-CV-94-BO, 2015 WL 1643025, at *2 (E.D.N.C. March 13, 2015) ("In construing 28 U.S.C. § 1920 and Local Civil Rule 54.1, this court has also denied fees for copies of deposition exhibits, read and sign, rough drafts, litigation support packages, ASCII disks, shipping, handling and expedited processing."); Nwaebube v. Employ't Sec. Comm'n of N.C., No. 5:09-CV-395-F,

2

2012 WL 3643667, at *1 (E.D.N.C. Aug. 21, 2012) (disallowing costs of exhibit copies); Hexion v. Specialty Chems., Inc. v. Oak-Bark Corp., No. 7:09-CV-105-D, 2012 WL 2458638, at *6 (E.D.N.C., June 27, 2012) (disallowing costs for shipping and postage). Thus, the amount of $1,969.93 in taxable transcript fees is allowed.

Fourth, plaintiff seeks costs for witness fees in the amount of $870.10. Under 28 U.S.C. §1920(3) witness fees are delineated as taxable. The statutorily allowable amounts for attendance fees under 28 U.S.C. § 1821(b), for mileage reimbursement under 28 U.S.C. § 1821(c)(2), and for subsistence costs under 28 U.S.C. § 1821(d)(1), were requested by plaintiff and itemized. See, Mem. in Supp., Attach. G. The request is granted.

Lastly, plaintiff seeks docket fees in the amount of $20.00. Pursuant to 28 U.S.C. § 1920(5) these docket fees may be taxed. The statutorily allowed amount of $20.00 on trial or final hearing, including the entry of default judgment is provide by 28 U.S.C. § 1923(a). Accordingly, this request is granted.

## CONCLUSION

In summary, plaintiff's motion for bill of costs [DE-159] is GRANTED in part. As the prevailing party, plaintiff Goldman Sachs Trust Company, N.A., as Executor of the Estate of Ralph L. Falls, Jr. is awarded total costs in the amount of $3,365.78. Specifically, this reflects the disallowance of costs in the amount of $24.96 for exhibits and $40.00 for shipping and handling both requested as associated with the transcript fees. This amount is taxed against defendant and shall be included in the judgment.

SO ORDERED. This the 3rd day of May, 2018.

Peter A. Moore, Jr.
Clerk of Court